IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>ATHERSYS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10043 (JPS)<br><br>(Jointly Administered)<br><br>Chief Judge Jessica E. Price Smith |

### LONZA'S OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' NOTICE OF PROPOSED SALE OF ASSETS AND STALKING HORSE APA

Lonza Houston, Inc., on behalf of itself and certain of its related-party creditor entities, (collectively, "Lonza"), as and for its response and reservation of rights (the "Response") with respect to the Sale Motion[2] and *Notice of Proposed Sale of Assets, Stalking Horse APA, Bidding Procedures, Auction, and Sale Hearing*, dated February 15, 2024 [Docket No. 139] (the "Sale Notice"), states as follows:

1. On January 10, 2024, the Debtors filed the *Schedules to Asset Purchase Agreement* [Docket No. 49-1] (the "APA Disclosures"), identifying property, including contract rights, they intend to sell to their presumptive purchaser, HEALIOS K.K. ("Healios"), under the

---

[1] The debtors (collectively, the "Debtors," and each, a "Debtor") in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Athersys, Inc. (4095); ABT Holding Company (0213); Advanced Biotherapeutics, Inc. (5237); ReGenesys, LLC (8746); and ReGenesys BVBA (3905). The corporate headquarters and the mailing address for the Debtors is 1625 Rockwell Avenue, Cleveland, Ohio 44114.

[2] "Sale Motion" as used herein refers to the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction and Hearing to Approve Sale of Substantially All of The Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures, and (F) Granting Related Relief; and (Ii)(A) Approving Sale of Substantially All of Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief*, dated January 6, 2024 [Docket No. 8].

parties' asset purchase agreement annexed as Exhibit B to the Sale Motion (the "APA"). None of Lonza's contracts with the Debtors appear in the APA Disclosures as included in the proposed sale. However, pursuant to the APA Disclosures, the Debtors seek to sell biological material that was manufactured by Lonza, is still in the possession of Lonza entities, and for which the Debtors seemingly did not pay, having accrued over $28 million of unpaid debts to Lonza, specifically:

**Schedule 1.1.3(a)**
**Biological Material**

| Site | Address | Asset | Description |
|---|---|---|---|
| Lonza Netherlands | Urmonderbaan 20b<br>6167RD Geleen - Netherlands | Placebo<br>Multistem Retention sample MS and Placebo Reference Standard | 294 Placebo doses<br>88.5 MS doses<br><br>Lot# G21D1301<br>205 vials |
| Lonza Singapore | Lonza Bioscience Singapore Pte Ltd<br><br>35 Tuas South Ave 6<br>Singapore 637377 | 3D Multistem Retention sample<br>3D Multistem QC sample | 3D doses   179 total |

**Schedule 1.1.3(b)**
**Manufacturing Supplies, Media and Research Tools**

See Schedule 1.1.3(a) and below:

| Site | Address | Asset | Description |
|---|---|---|---|
| Lonza Singapore | Lonza Bioscience Singapore Pte Ltd<br><br>35 Tuas South Ave 6<br>Singapore 637377 | 3D Multistem Retention sample<br>3D Multistem QC sample | 3D doses   179 total |

2. Thus, Lonza asserted in its initial objection[3] to the Sale Motion, *inter alia*:

> It is indisputable that the Debtors cannot sell that which they do not own and possess transferable rights. Lonza's business people are working to determine title and rights to this property, a complex and time-consuming task that in the first instance requires crossmatching multiple productions with order and payment records, and potentially analysis under the regulations or laws of multiple jurisdictions. On a preliminary basis, Lonza objects to the Sale Motion to the extent it would transfer to Healios, or any other party, property or rights of Lonza that the Debtors did not acquire, or which transfer must be conditioned upon the Debtors assuming and curing their executory agreements with Lonza [collectively, ('<u>Lonza Property</u>')]. In addition, some of the 'assets' may be the subject of on-going stability studies, which require Lonza to provide postpetition services and incur costs to preserve the value of the assets.

(Bid Procedures Objection, ¶ 26.) Lonza further indicated it may supplement its Bid Procedures Objection as it continued the diligence process, and that it would resolve any resulting claims and conflicts with Healios and the Debtors if possible. (*Id.*)

3. Lonza's diligence conducted over the past two months did not indicate that any Lonza Property or other Lonza assets that have been specifically identified by the Debtors are to be included in the assets to be sold under the APA. Nevertheless, inasmuch as the Debtors' proposed sale to Healios may not close for several more weeks,[4] and final sale documents are potentially subject to change or adjustments, out of an abundance of caution and to preserve its

---

[3] *See Lonza's Objections, Joinder and Reservation of Rights Respecting the Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction and Hearing to Approve Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures, and (F) Granting Related Relief; and (II)(A) Approving Sale of Substantially All of Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief*, dated January 23, 2024 [Docket No. 100] (the "<u>Bid Procedures Objection</u>").

[4] *See Order (I) Scheduling a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities and Permitted Exceptions, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain Bidding Procedures and Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, (III) Approving Bidding Protections, and (IV) Granting Related Relief*, dated February 13, 2024 [Docket No. 136], Ex. 1.

3

rights, Lonza reiterates that it objects to the inclusion of any Lonza Property (broadly defined) and reserves its rights with respect thereto to the extent the sale parties may expressly or implicitly purport to transfer any such property.

Dated: March 8, 2024

                              Respectfully Submitted,

                              /s/ Stuart A. Laven, Jr.
Stuart A. Laven, Jr. (0071110)
salaven@ubglaw.com
Michael S. Tucker (0034398)
mtucker@ubglaw.com
UB GREENSFELDER LLP
1660 W. 2nd Street, Suite 1100
Cleveland, Ohio 44113
Phone: (216) 583-7116
Fax: (216) 583-7001

          -- and--

KASOWITZ BENSON TORRES LLP
Robert M. Novick (rnovick@kasowitz.com)
(*pro hac vice*)
Michele L. Angell (mangell@kasowitz.com)
(*pro hac vice*)
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700

*Co-counsel for Lonza Houston, Inc. and Certain of its Related Creditor Entities*

## CERTIFICATE OF SERVICE

I certify *that* on March 8, 2024, a true and correct copy of the foregoing *Lonza's Objection and Reservation of Rights With Respect to Notice of Proposed Sale of Assets, Stalking Horse APA, Bidding Procedures, Auction, and Sale Hearing* was served:

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive email notice/service for this case.

Maria Carr (mcarr@mcdonaldhopkins.com)
Michael J. Kaczka (mkaczka@mcdonaldhopkins.com)
Nicholas M. Miller (nmiller@mcdonaldhopkins.com)
Scott N. Opincar (sopincar@mcdonaldhopkins.com)
Christopher B. Wick (cwick@hahnlaw.com)

/s/ Stuart A. Laven, Jr.